IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BETTY BOLES, as Administratrix of the Estate of
KHAALID SHARIF FREDERICK,

      Plaintiffs,

v.                                                   Civil Action No. 1:20-CV-41
                                                   (Keeley)

THE UNITED STATES OF AMERICA,

      Defendant.

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding Judge. It is hereby **ORDERED** as follows:

**I.    DISCOVERY PHASE**

    A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

    B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

    C.    No party or attorney or other person subject to this Protective Order shall

distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      D.      Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

      E.      If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and
6. At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

      F.      In the event a party learns or discovers that a document subject to protection from disclosure on the basis of attorney-client privilege, work product, or other valid basis has been produced inadvertently, counsel shall notify the receiving party within thirty (30) days after such inadvertent production is discovered. Thereafter, such inadvertently disclosed documents and all copies thereof shall be returned to the producing party and the receiving party shall not, without good cause shown, seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is otherwise estopped from asserting the applicable privilege or immunity on the basis of the inadvertent production. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the producing party has given timely notice as provided in this paragraph. Counsel shall cooperate, to the extent reasonably feasible, to restore the confidentiality of any such inadvertently produced information.

**II.    POST-DISCOVERY PHASE**

      If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

The Clerk is directed to send certified copies of this Order to all counsel of record.

Enter this   13th   day of   July  , 2020.

The Honorable Irene M. Keeley
United States District Judge


Submitted by:


*/s/ Russell A. Williams*
Russell A. Williams
WV State Bar #12710
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 200
Charleston, WV 25301

*Counsel for Plaintiff*


*/s/ Christopher J. Prezioso*
Christopher J. Prezioso
WV State Bar # 9384
Assistant United States Attorney
United States Attorney's Office
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV  26003

*Counsel for Defendant*